This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39304**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

 Petitioner-Appellee,

v.

**CELESTE W.,**

 Respondent-Appellant,

and

**TIMOTHY W.**

 Respondent,

**IN THE MATTER OF ABERNATHY W.,
ANNAMAE W., KEIGHLI W., and
ELDON W.,**

 Children.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY
Lee A. Kirksey, District Judge**

Children, Youth and Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Laura K. Castillo
Hobbs, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Respondent Celeste W. (Mother) appeals from the termination of her parental rights to Children. This Court issued a notice of proposed disposition proposing to affirm the district court's order. Mother has filed a memorandum in opposition with this Court, which we have duly considered. Unpersuaded, we affirm.

**{2}** In her memorandum in opposition, Mother argues that reasonable efforts were not made by the Children, Youth & Families Department (CYFD) because she was not given enough time to complete her case plan. [MIO 12-13] She specifies that her substance abuse issues were complex and that she required additional time in order to complete inpatient rehabilitation towards the end of her case, and therefore, she needed more time to complete the treatment. [Id.]

**{3}** "A motion to terminate parental rights may be filed at any stage of the abuse or neglect proceeding by a party to the proceeding." NMSA 1978, § 32A-4-29(A) (2009). "Because it is important for children to have permanency and stability in their lives, termination proceedings should not continue indefinitely." *State ex rel. Children, Youth & Families Dep't v. Mafin M.*, 2003-NMSC-015, ¶ 24, 133 N.M. 827, 70 P.3d 1266. The adjudicatory hearing establishing Mother's case plan occurred on September 11, 2018, and the hearing on CYFD's motion for termination of parental rights occurred on May 19, 2020. Mother therefore had approximately one year and eight months to comply with her treatment plan. [1 RP 110; 2 RP 475] Mother has failed to provide any authority stating that over a year and eight months was an inadequate amount of time to require a parent to comply with their case plan, and we are unaware of any such authority. *See Curry v. Great Nw. Ins Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *see also State ex rel. Children, Youth & Families Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 34, 132 N.M. 299, 47 P.3d 859 ("[I]n balancing the interests of the parents and children, the court is not required to place the children indefinitely in a legal holding pattern." (internal quotation marks and citation omitted)). As such, we are unpersuaded that Mother did not receive enough time to comply with her treatment plan. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{4}** Beyond this argument, Mother raises no new facts, authority, or arguments in her memorandum in opposition to persuade this Court that our notice of proposed

disposition was incorrect. *See id.* Accordingly, for the reasons set forth in our notice of proposed disposition and herein, we affirm the district court's termination of Mother's parental rights.

{5}    IT IS SO ORDERED.

J. MILES HANISEE, Chief Judge

WE CONCUR:

JACQUELINE R. MEDINA, Judge

BRIANA H. ZAMORA, Judge